UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

WAYNE TUMPKIN,

      Plaintiff,

v.

DIVERSIFIED CONSULTANTS, INC.,
CHARLOTTE ZEHNDER, NICOLE
ZEHNDER, DONALD ZEHNDER,
CHRISTOPHER ZEHNDER, MAVIS PYE,
LIVEVOX,

      Defendant.

Case No. 2:13-cv-10390
Hon. Steven J. Murphy III
Mag. David R. Grand

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants, Diversified Consultants, Inc., Charlotte Zehnder, Nicole Zehnder, Donald Zehnder, Christopher Zehnder, Mavis Pye and LiveVox, collectively ("Defendants"), through their counsel, Olson Law Group, for their Answer and Affirmative Defenses to Plaintiff's Complaint, state as follows:

### Jurisdiction

1.    This Court has jurisdiction under the FDCPA, 15 U.S.C. §1692k(d), the TCPA, 47 U.S.C.§ 227 et seq., and 28 U.S.C. §§1331,1337.

**ANSWER:    Defendants neither admit nor deny the allegations in this paragraph because they constitute legal conclusions for which no response is required.**

### Parties

2.    The Plaintiff is Wayne Tumpkin, who is a natural person and a resident of Oakland County.

**ANSWER:    Defendants neither admit nor deny the allegations in this paragraph**

for lack sufficient information or belief.

3. Mr. Tumpkin meets the definition of a "consumer" under 15 U.S.C. § 1692a(3).

**ANSWER: Defendants neither admit nor deny the allegations in this paragraph for lack sufficient information or belief.**

4. The Defendants to this lawsuit are as follows:

   a. Diversified Consultants, Inc. ("Diversified") which is a company located in the state of Florida and doing business in Michigan;

   b. Charlotte Zehnder who is an officer or director of Diversified;

   c. Nicole Zehnder who is an officer or director of Diversified;

   d. Donald Zehnder who is the Vice President of Diversified;

   e. Christopher Zehnder who is the President of Diversified;

   f. Gordon Beck who is the COO of Diversified;

   g. Mavis Pye, the Automatic Dial Announcing Device Compliance Officer for Diversified;

   h. LiveVox which is a partner with Diversified in the automated dialing and programming of collection calls to consumers.

**ANSWER: Defendants lack sufficient knowledge or information at this time to form a belief as to the truth of the allegations in this paragraph except to admit that the individually named defendants are officers and/or employees of Diversified and that Diversified has a principal place of business in Florida and does business with LiveVox.**

5. Diversified regularly collects debts owed to another and therefore meets the definition of a "debt collector" under the FDCPA 15 U.S.C. § 1692a(6).

**ANSWER: Admitted.**

## Venue

6. The transactions and occurrences which give rise to this action occurred in Oakland County.

**ANSWER: Defendants neither admit nor deny the allegations in this paragraph for lack sufficient information or belief.**

7. Venue is proper in the Eastern District of Michigan.

**ANSWER: Venue is not contested.**

## General Allegations

8. Diversified is a debt collector that specializes in collecting outstanding telecommunications and cell phone bills.

**ANSWER: Defendants lack sufficient knowledge or information at this time to form a belief as to the truth of the allegations in this paragraph except to admit that Diversified collects debts related to telecommunications, including cell phone bills.**

9. At all times relevant to this complaint, Diversified acted as a collection agency for AT&T Mobility ("AT&T").

**ANSWER: Upon information and belief, admitted.**

10. Diversified partners with LiveVox in creating and developing its automated dialing collection campaigns.

**ANSWER: Defendants lack sufficient knowledge or information at this time to form a belief as to the truth of the allegations in this paragraph except to admit that Diversified does business with LiveVox.**

11. In promoting its services, Diversified advertises that it uses state of the art dialing technology to expedite collections.

**ANSWER:** Defendants neither admit nor deny the allegations in this paragraph for lack sufficient information or belief.

12. This technology allows Diversified to automatically dial thousands of telephone numbers at extremely low cost and schedule a pattern of repeated telephone calls at certain dates and times.

**ANSWER:** Defendants neither admit nor deny the allegations in this paragraph for lack sufficient information or belief.

13. Charlotte Zehnder, Nicole Zehnder, Donald Zehnder, Christopher Zehnder, Gordon Beck,and Mavis Pye in their capacity as officers, agents, directors, and/or compliance officers of Diversified created, authorized and/or implemented Diversified's telephone policies, procedures and practices, including its use of autodialing and other automated telephone technology.

**ANSWER:** Defendants neither admit nor deny the allegations in this paragraph for lack sufficient information or belief except to deny that the individually named defendants in this action are liable in the manner and form alleged.

14. Mr. Tumpkin maintains a cellular telephone for his personal use.

**ANSWER:** Defendants neither admit nor deny the allegations in this paragraph for lack sufficient information or belief.

15. Mr. Tumpkin is a subscriber of a cellular telephone.

**ANSWER:** Defendants neither admit nor deny the allegations in this paragraph for lack sufficient information or belief.

16. Mr. Tumpkin maintains service for that cellular phone via a "cellular telephone service" as described in 47 U.S.C. § 227(b)(1)(A)(iii).

**ANSWER:** Defendants neither admit nor deny the allegations in this paragraph for lack sufficient information or belief and because they set forth legal conclusions for which no response is required.

17. Mr. Tumpkin carries the phone with him when he is out of his home.

**ANSWER:** Defendants neither admit nor deny the allegations in this paragraph for lack sufficient information or belief.

18. He maintains this phone for his own personal convenience to maintain contact with his family and friends.

**ANSWER:** Defendants neither admit nor deny the allegations in this paragraph for lack sufficient information or belief.

19. Diversified was engaged to collect an AT&T Mobility account allegedly owed by Mr. Tumpkin.

**ANSWER:** Admitted.

20. The delinquent balance on the account constitutes a "debt" for purposes of 15 U.S.C. §1692a(5).

**ANSWER:** Defendants neither admit nor deny the allegations in this paragraph for lack sufficient information or belief.

21. In 2012, Diversified engaged in a telephone campaign against Mr. Tumpkin calling him on his cell phone on a daily basis and on many days three times in a day.

**ANSWER:** Defendants deny the allegations in this paragraph as untrue.

22. Diversified placed the calls repeatedly and or continuously with the intent to annoy, abuse, or harass Mr. Tumpkin in violation of 15 U.S.C. §1692d and d(5).

**ANSWER:** Defendants deny the allegations in this paragraph as untrue.

23. Mr. Tumpkin never gave Diversified his cellular phone number or his consent to call that number.

**ANSWER:** **Defendants neither admit nor deny the allegations in this paragraph for lack sufficient information or belief.**

24. Each of calls at issue in this Complaint occurred within the preceding four years.

**ANSWER:** **Defendants neither admit nor deny the allegations in this paragraph for lack sufficient information or belief.**

25. In each of these calls, Diversified used an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1) to initiate the calls to Mr. Tumpkin on his cellular telephone.

**ANSWER:** **Defendants neither admit nor deny the allegations in this paragraph for lack sufficient information or belief and because they set forth conclusions of law for which no further response is required.**

26. In these calls, Diversified used an "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A) to communicate with Mr. Tumpkin on his cellular telephone.

**ANSWER:** **Defendants neither admit nor deny the allegations in this paragraph for lack sufficient information or belief and because they set forth conclusions of law for which no further response is required.**

27. Diversified falls within the definition of a "person," as defined by 47 U.S.C. § 153(39).

**ANSWER:** **Defendants neither admit nor deny the allegations in this paragraph for lack sufficient information or belief and because they set forth conclusions of law for which no further response is required.**

28. Diversified uses its automated dialer and prerecorded messages to contact large

numbers of persons to collect debts.

**ANSWER:** **Defendants neither admit nor deny the allegations in this paragraph for lack sufficient information or belief.**

29.     Diversified failed to vet or verify that the persons it was calling with its automated dialer and prerecorded messages are in fact the person who have expressly consented to being contacted via these means.

**ANSWER:** **Defendants deny the allegations in this paragraph as untrue.**

30.     Diversified has been the target of numerous complaints concerning its automated dialing and prerecorded messages by persons who have not consented to be contacted via these means.

**ANSWER:** **Defendants neither admit nor deny the allegations in this paragraph for lack sufficient information or belief.**

31.     Diversified did not use its automated dialer or prerecorded voice calls for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(I).

**ANSWER:** **Defendants neither admit nor deny the allegations in this paragraph for lack sufficient information or belief.**

32.     Diversified's placement of calls using automated dialers and prerecorded messages to cell phones without prior express consent constitutes a unfair collection practice in violation of 15 U.S.C. §1692f.

**ANSWER:** **Defendants deny the allegations in this paragraph as untrue.**

33.     The calls from Diversified have caused Mr. Tumpkin numerous interruptions and disruptions.

**ANSWER:** **Defendants neither admit nor deny the allegations in this paragraph**

for lack sufficient information or belief.

34. As a result of Diversified's wrongful conduct, Mr. Tumpkin has suffered damages.

**ANSWER:  Defendants deny the allegations in this paragraph as untrue.**

**COUNT 1 – Telephone Consumer Protection Act of 1991 C.F.R. 16.1200 *et seq*.**

35. Mr. Tumpkin incorporates the preceding allegations by reference.

**ANSWER:  Defendants incorporate by reference their preceding responses.**

36. Defendants negligently violated the TCPA, 47 U.S.C. § 227 *et seq*., in relation to Mr. Tumpkin.

**ANSWER:  Defendants deny the allegations in this paragraph as untrue.**

37. As a result of Defendants' negligent violations of the TCPA, Mr. Tumpkin may recover statutory damages of $500.00 for each and every call in violation of the statute.

**ANSWER:  Defendants deny that they have violated the TCPA or that Plaintiff is entitled to recover such amounts from Defendants.**

38. Alternatively, Defendants have knowingly or willfully violated the TCPA in relation to Mr. Tumpkin.

**ANSWER:  Defendants deny the allegations in this paragraph as untrue.**

39. As a result of Defendants' willful violations of the TCPA, Mr. Tumpkin may recover statutory damages of up to $1,500.00 per call in violation of the statute.

**ANSWER:  Defendants deny that they have violated the TCPA or that Plaintiff is entitled to recover such amounts from Defendants.**

**COUNT II – Fair Debt Collection Practices Act**

40. Mr. Tumpkin incorporates the preceding allegations by reference.

**ANSWER:** Defendants incorporate by reference their preceding responses.

41. At all relevant times Diversified – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

**ANSWER:** Admitted.

42. Diversified is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"),15 U.S.C. §1692a(6).

**ANSWER:** Admitted.

43. At all times relevant to this complaint, Diversified sought to collect a "consumer" debt from Mr. Tumpkin.

**ANSWER:** Defendants neither admit nor deny the allegations in this paragraph for lack sufficient information or belief.

44. The actions of Diversified to collect from Mr. Tumpkin violated the provisions of the FDCPA including but not limited to 15 U.S.C. §1692d, d(5) and f.

**ANSWER:** Defendants deny the allegations in this paragraph as untrue.

45. Mr. Tumpkin have suffered damages as a result of these violations of the FDCPA.

**ANSWER:** Defendants deny the allegations in this paragraph as untrue.

## Demand for Jury Trial

46. Mr. Tumpkin demands trial by jury in this action.

**ANSWER:** This paragraph contains no allegations against Defendants and, therefore, no further response is required.

## Demand for Judgment for Relief

47. *Accordingly, Mr. Tumpkin requests that the Court:*

   a. *Grant statutory damages*

      b.      *Award costs and attorney fees.*

**WHEREFORE**, Defendants, Diversified Consultants, Inc., Charlotte Zehnder, Nicole Zehnder, Donald Zehnder, Christopher Zehnder, Mavis Pye, and LiveVox respectfully request that Plaintiff's Complaint be dismissed in its entirety and that Defendants be awarded all fees and costs incurred in defense of this matter and all other relief that they may be entitled.

Respectfully submitted,

/s/ Charity A. Olson
Charity A. Olson (P68295)
OLSON LAW GROUP
Attorneys for Defendant
106 E. Liberty, Suite 303
Ann Arbor, MI 48104
734-222-5179
colson@olsonlawpc.com

Dated: March 25, 2013

## AFFIRMATIVE DEFENSES

1.    To the extent Defendants' conduct violated the law, such conduct was not intentional but was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid such error(s).

2.    Plaintiff's claims may be precluded, in whole or part, to the extent Plaintiff's damages, if any, were caused by the acts and/or omissions of persons or entities over which Defendants had no control or authority.

3.    Plaintiff's claims may be precluded, in whole or part, to the extent Plaintiff's damages, if any, were caused by Plaintiff's own acts and/or omissions.

4.    Defendants rely on all other exclusions and/or limitations of liability set forth in the FDCPA and/or TCPA.

                    Respectfully submitted,

                    /s/ Charity A. Olson
                    Charity A. Olson (P68295)
                    OLSON LAW GROUP
                    Attorneys for Defendants
                    106 E. Liberty, Suite 303
                    Ann Arbor, MI 48104
                    734-222-5179
Dated: March 25, 2013            colson@olsonlawpc.com

## Proof of Service

    I, Charity A. Olson, hereby state that on March 25, 2013, I electronically filed the foregoing instrument with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record.

                    /s/ Charity A. Olson
                    CHARITY A. OLSON (P68295)
                    OLSON LAW GROUP
                    Attorneys for Defendants
                    106 E. Liberty, Suite 303
                    Ann Arbor, MI 48104
                    (734) 222-5179
                    colson@olsonlawpc.com